IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRENDA F. JAMES,<br>7804 Park Street<br>Lenexa, Kansas 66216<br>An Individual,<br>                  Plaintiff,<br><br>        vs.<br><br>TOYS "R" US – DELAWARE, INC.<br>D/B/A BABIES "R" US<br>A Delaware Corporation<br>8500 West 135th Street<br>Overland Park, Kansas<br>Serve: The Corporation Service Company<br>       Resident Agent<br>       200 Southwest 30th Street<br>       Topeka, Kansas 66223<br><br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 10-CV-2352 KHV/KMH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

For her cause of action against Defendant Toys "R" Us- Delaware, Inc. d/b/a Babies "R" Us, Plaintiff Brenda F. James alleges and states as follows:

**Parties, General Allegations, Jurisdiction and Venue**

1. Plaintiff Brenda F. James (hereinafter "Plaintiff") is an individual residing in Lenexa, Johnson County, Kansas.

2. Defendant Toys "R" Us – Delaware, Inc. d/b/a Babies "R" Us (hereinafter "Defendant") is a foreign corporation, organized under the laws of the state of Delaware, and maintains an office for the conduct of its ordinary and customary business in Overland Park, Kansas, at 8500 West 135th Street. Defendant is therefore doing business in this judicial district.

...

3. Defendant, at all times relevant hereto, is and has been an "employer" within the meaning of Title I and V of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

4. Defendant employs more than 500 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

5. Both jurisdiction and venue are proper in this Court, because federal questions are involved, and because the disability discrimination and all other transactions were committed within this judicial district. Venue is therefore proper in this Court, pursuant to the provisions of Title I and V of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* and 28 U.S.C. § 1331 (federal question) and § 1391(b)(c) (venue).

6. This Court has jurisdiction of this cause of action, pursuant to Title I and V of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* and 28 U.S.C. § 1331 and § 1343 (3).

## COUNT I - DISCRIMINATION BASED ON DISABILITY

7. Plaintiff hereby incorporates paragraphs 1 through 6 of this Complaint, by reference, as if fully set forth in this Count I.

8. Plaintiff was employed by Defendant from November of 1998 to March 25, 2008 for almost 10 years.

9. Prior to her termination, Plaintiff had various health issues, which caused among other things medical treatment and hospitalizations, which Defendant had knowledge of the same, relating to her disability of morbid obesity and other physiological and medical conditions.

10. At all relevant times, Plaintiff performed her job duties in a satisfactory manner.

11. Most importantly, at all relevant times during her employment, Plaintiff and Plaintiff's spouse had health and dental insurance through Defendant. For approximately two years prior to Plaintiff's termination, Plaintiff had been trying to get approved by Defendant's health insurance company for Lap Band Stomach Surgery, as a medically necessary surgery due to her disability of morbid obesity and other physiological and medical conditions.

12. In March of 2008, Plaintiff was finally approved for said surgery and said surgery was initially going to occur July of 2008. However, prior to her termination, Plaintiff's surgery was moved up and scheduled to occur on April 2, 2008.

13. Prior to her termination, Plaintiff had advised Defendant that said surgery had been approved and also advised that she would be taking leave pursuant to the Family and Medical Leave Act for her surgery on April 2, 2008.

14. In response to said request, Defendant's store manager advised Plaintiff that she should apply for disability because of all her medical problems.

15. The alleged date of discrimination occurred on or about March 25, 2008, when Plaintiff was terminated by Defendant due to her disability.

16. Approximately two weeks prior to her termination, Plaintiff and several other co-workers of Defendant decided to pool their money together to purchase a baby gift for one of their fellow co-workers, who was having a baby.

17. On the day of the purchase, Plaintiff picked out the gift and asked one of the cashiers to ring up/purchase the gift for her. At that time, Plaintiff gave the cashier her

money, her company identification, and/or coupons to use in the purchase. James was not physically present when the purchase occurred.

18. The coupons that Plaintiff gave to the cashier were coupons given to her by her supervisors. Plaintiff had previously used similar coupons to purchase items during her employment with Defendant with her supervisors' approval and authority.

19. At the time of the purchase, Plaintiff did not request the cashier to use any coupons that she gave to her. In fact, Plaintiff was surprised that four coupons were used for said purchase.

20. Approximately, one week later, one of Plaintiff's supervisors advised her that there was a problem with the purchase because of the use of the coupons and that she would have to pay the difference because the coupons should not have been used. Plaintiff agreed to pay the difference in the purchase price and asked when this needed to be done and how much did she owe. Plaintiff was told by her supervisor that she did not need to pay it that day.

21. Then, on or about March 25, 2008, without any notice, Plaintiff was accused of theft by the Plaintiff's store manager and was terminated from her employment allegedly for said purchase of the baby gift with the coupons, which was just days before her scheduled surgery.

22. In response to Plaintiff's discriminatory termination, Plaintiff filed a complaint with the Kansas Human Rights Commission ("KHRC"), Case No. 32142-09, which was also filed with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 28D-2008-00958. The KHRC investigated Plaintiff's charge of discrimination and found no probable cause on or about December 16, 2009. Plaintiff timely

appealed said finding to the EEOC, which adopted said findings of the KHRC and issued Plaintiff her right to sue letter on or about March 23, 2010. Plaintiff received said letter on or about March 26, 2010.

23. This action has been commenced by the filing of this Complaint within ninety (90) days after Plaintiff's receipt of the aforesaid Notice of Right to Sue, therefore Plaintiff has met all administrative requirements of Title I and V of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

24. Further, Defendant did not terminate Plaintiff's supervisors who had previously approved the use of said coupons or the cashier who rang up the purchase. If, in fact, Defendant did not terminate said employees, it was after Plaintiff gave notice of said discrimination to Defendant.

25. Plaintiff was wrongfully terminated in retaliation for getting medical approval of her Lap Band Stomach Surgery by Defendant's health insurer as a result of her disability of morbid obesity and for her anticipated request of leave of absence pursuant to the Family Medical Leave Act "FMLA" for said surgery.

26. Defendant wrongfully terminated Plaintiff due to her disability of morbid obesity and other physiological and medical conditions and in retaliation of her expected use of her rights under the FMLA.

27. The actions of Defendant, as noted above, have been discriminatory and retaliatory, arbitrary and capricious, in treatment of Plaintiff as to her job terms, conditions, and privileges of employment and constitute unlawful employment practices in violation of Title I and V of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

28. The actions of defendant were outrageous, calculated toward Plaintiff or were in reckless disregard of Plaintiff's statutory rights, and as such constituted violations of Title I and V of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

29. Plaintiff has been substantially monetarily damaged by Defendant's unlawful employment practices, including its violation of Title I and V of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

30. As a direct and proximate result of the continuing pattern and practice of discrimination directed toward Plaintiff, Plaintiff suffered actual damages, including but not limited to: lost pay past and future income, in the form of lost wages, lost fringe benefits, loss of earning capacity, humiliation, distress, harm to reputation and sever career disruption, plus other pecuniary and non-pecuniary damages, all in an amount yet to be determined, but not less than $75,000.000.

31. Defendant's actions were willful, intentional, malicious and in reckless indifference to the rights of Plaintiff this entitling Plaintiff to punitive damages.

32. Plaintiff is entitled to compensatory damages in an amount to be determined by a jury, for pain and suffering, loss of enjoyment of life, humiliation, embarrassment, mental anguish and inconvenience.

33. Under Title I and V of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, if Plaintiff prevails, she is entitled to recover all her costs incurred herein, including reasonable attorneys fees and all other costs and expenses of litigation.

34. Plaintiff also seeks prejudgment interest on all actual damages found by the jury to be due and owing through date of trial.

**WHEREFORE**, Plaintiff Brenda James respectfully prays judgment in her favor and against Defendant Toys "R" Us – Delaware, Inc. d/b/a Babies "R" Us after jury trial (1) awarding her back pay in an amount yet to be determined; (2) awarding her compensatory damages in an amount yet to be determined; (3) awarding her past and future lost fringe benefits in an amount yet to be determined; (4) awarding her punitive damages in an amount yet to be determined; (5) awarding her the costs and expenses, including attorney's and expert witness fees, incurred in prosecuting her claims of discrimination and awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Cline I. Boone*
    Cline I. Boone    KS#17710
    P.O. Box 860743
    Shawnee, Kansas 66286-0743
    Telephone: (913) 208-3012
    Facsimile: (913) 334-5284
    Email: cline@millerpaving.net

ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

Plaintiff Brenda James hereby demands a trial by jury of all issues so triable.

/s/ Cline I. Boone
ATTORNEY FOR PLAINTIFF

## DESIGNATION OF PLACE OF TRIAL

Plaintiff Brenda James designates Kansas City, Kansas as the place where this case should be tried.

/s/ Cline I. Boone
ATTORNEY FOR PLAINTIFF